UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK VEASLEY,

    Petitioner,

v.                                      Case No.  5:12cv342/RS/CJK

US PAROLE COMMISSION,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    Petitioner commenced this action on October 17, 2012, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner subsequently filed an amended petition on December 5, 2012.  (Doc. 7).  Petitioner claims the United States Parole Commission ("Parole Commission"): 1) unlawfully conducted a rescission hearing based on information that it had passed over in a prior hearing; 2) unlawfully double counted certain issues to compute petitioner's parole date; 3) unlawfully denied petitioner counsel; and 4) its conduct gave rise to an appearance of retaliation "and/or" vindictiveness.  (Doc. 7, p. 5).  As relief, petitioner asks the court to "grant a writ of habeas corpus discharging petitioner from unlawful custody."  (Doc. 7, pp. 22-23).  Respondent filed an answer on March 4, 2013.  (Doc. 11).  Petitioner then filed a reply on March 18, 2013.  (Doc. 13).  Petitioner was released from the incarceration portion of his sentence on July 26, 2013.

Upon determining that petitioner had been released from the incarceration portion of his sentence, the court entered an order on May 7, 2014, directing the parties to advise the court in writing of their positions concerning the jurisdictional question of whether this case was rendered moot by petitioner's release from incarceration. (Doc. 17). In response, respondent filed a motion to dismiss this case as moot. (Doc. 19). Petitioner, in turn, argues that the case is not moot because the court could modify petitioner's parole term and grant other relief the court deems appropriate. (Doc. 21, p. 1). Petitioner further asks this court to terminate the conditions of his parole "in light of the accumulative constitutional violations and vindictiveness" of the Parole Commission. (Doc. 21, p. 2). The United States Parole Commission replied to petitioner's response, and contends that discharge from parole is not the proper response, and that there have been no adverse collateral consequences demonstrated from the Parole Commission's actions. (Doc. 23).

Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). The case or controversy requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome. *Lewis*, 494 U.S. at 477-478, 110 S. Ct. 1249. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (*quoting Lewis*, 494 U.S. at 477, 110 S. Ct. 1249). A federal court lacks the power to decide questions that cannot affect the rights of litigants before it. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] claim is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome."); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). A case that is moot must be dismissed for lack of jurisdiction. *Id*.

In the habeas context, a prisoner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7, 118 S. Ct. 978. Once a sentence has expired, however, some continuing injury, also referred to as a "collateral consequence," must exist for the action to continue. *Id*. The Supreme Court was previously willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the conviction that is challenged. *Cafaras v. LaVallee*, 391 U.S. 234, 237-238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); *Sibron v. New York*, 392 U.S. 40, 55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968). Where a petitioner is challenging only the legality of his or her sentence, rather than the underlying conviction itself, this presumption no longer applies. *Lane v. Williams*, 455 U.S. 624, 632-33, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982) (declining to extend the presumption of collateral consequences in the context of a challenge to a mandatory parole violator term when, during the pendency of the litigation, the term expired); *Spencer*, 523 U.S. at 14 ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation" once that term expired). Release from custody renders a habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence. *Spencer*, 523 U.S. at 14.

Here, petitioner's habeas petition challenges the execution of the incarceration portion of his sentence, specifically the procedures used to determine the date of his eligibility for parole, and the Parole Commission's conduct in determining his parole date. Notably, as relief petitioner requests that this court "grant a writ of habeas corpus discharging [him] from unlawful custody." (Doc. 7, p. 23). By implication, then, petitioner argued for the commencement of parole. Because petitioner is now on parole, rendering his requested relief moot, petitioner alters his argument and contends that the court could still "'modify [his] parole conditions and/or terminate the remainder of Petitioner's parole term or any other effectual relief this Honorable Court deems appropriate.'" (Doc. 21). In support of this request, petitioner avers that he remains under "the 'custody, control, and authority'" of the Parole Commission and subject to the "antagonistic" parole restrictions imposed on sex offenders until November 11, 2015. He asks this court to modify or terminate the remainder of his parole term "in light of" the Parole Commission's "accumulative constitutional violations and vindictiveness . . . ." Now that his habeas claim is gone, petitioner apparently would like some sort of equitable remedy to right the perceived wrongs he has endured.

Nevertheless, because petitioner presently has no claim regarding the procedures followed by the Parole Commission in determining his parole eligibility, his habeas petition is moot and should be dismissed. *See, e.g., Muniz v. Sabol*, 517 F.3d 29, 34 (1st Cir. 2008) (federal prisoner's § 2241 petition challenging BOP's denial of placement in a Residential Reentry Center was mooted by petitioner's release from custody); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007) (habeas petitioner's due process and equal protection claims based on denial of

parole, pre-release placement in a transitional center, and work incentive credits were moot where petitioner was released from custody during pendency of the action); *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (habeas petition challenging state's calculation of gain time credits was mooted by petitioner's release from custody); *Peterson v. Carpenter*, 566 F.2d 1094, 1095 (8th Cir. 1977) (finding a habeas petition that argued a "parole revocation hearing was deficient in numerous aspects" to be moot because petitioner was paroled).  To the extent that plaintiff complains of potential future actions or antagonistic behavior by the Parole Commission, such a claim is too speculative to overcome the government's argument that the petition is moot.  *See, e.g.*, *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997) (concluding that petitioner's "suggested adverse consequences is speculative" because "[e]ach depends upon possible discretionary actions that may or may not affect future parole decisions (citing *Lane v. Williams*, 455 U.S. 624, 632-33 (1982))); *U.S. ex rel. Graham v. U.S. Parole Com'n*, 732 F.2d 849 (11th Cir. 1984) (noting that petitioner's "ultimate objective . . . was to obtain parole," but because he had been released "there no longer [was] a case or controversy to litigate," and that claims arising from potential parole violations were "too speculative for adjudication").

      Finally, even if petitioner amended his underlying petition to include a request that his supervised release be modified, this court is without jurisdiction to make a determination concerning petitioner's supervised release as that determination must be made by the sentencing court (here, the United States District Court for the Northern District of Georgia).  *See* § 18 U.S.C. 3583(e)(2) (authorizing the sentencing court to impose and modify a term of supervised release); 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if

such jurisdiction has been transferred by the sentencing court).  Petitioner was not sentenced in this district court.  A pronouncement by this court concerning petitioner's § 2241 allegations would not result in "specific relief through a decree of a conclusive character" with regard to modification of petitioner's sentence. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (citation and internal quotation marks omitted).

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 19) be GRANTED.

2.  That the amended petition for writ of habeas corpus (doc. 7) be DISMISSED as MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).